PENNSYLVANIA *v.* JOHN HUSTON, DANIEL CAR‑ TER, and WILLIAM WILSON.

THIS was an indictment for a riot, on 9th *January*, 1797, in befetting the dwelling‑houfe of *Felix Welfh*, affaulting and beating *James Welfh* and *Thos. Welfh*, minor children of the faid *Felix*, throwing his goods out of doors, and demolifhing his houfe.

In the fpring of 1793, *Huston*, one *Myers*, and others
went to look for land to fettle on. In the fpring of
1794, *Myers* raifed a cabbin. *Huston* bought it from
him, and, about *February*, 1796, built a cabbin, cleared
a field of about four acres, planted it with corn, clear-
ed upland, fowed it with wheat, worked on it conftantly,
when he was not working with others, agreed with the
neighbours as to boundaries, but run no lines.

In *March*, 1796, *Felix Welfh* came with his family,
to fettle in this neighbourhood; found a cabbin, went
into it, and lived in it. On his way thither, he was
warned by *Huston*, that he fhould not come lower down,
than this old cabbin. Next winter *Ennion Williams*
(agent to the population company, under whom *Welfh*
claimed) affifted *Welfh* to build another houfe, about
twenty perches further down, on the corner of three
tracts fo that his improvements fhould lie on each of the
three. *Welfh* went into this new houfe with his family;
and while he and his wife were abfent, the defendants
came, threw the beds, in which were fome of *Welfh's*
children, out of doors, threw out alfo what things were
in the houfe, and threw down the houfe.

PRESIDENT. A furveyor, if juftifiable, furely cannot
be compelled, to make a furvey without a warrant, un-
lefs there be an *actual fettlement*. An actual fettlement
is to be confidered as meaning the fame thing in the act
of 3d *April*, 1792, as in the act of 30th *December*, 1786; 3 *St. L.* 209.
" an actual perfonal refident fettlement, with a manifeft 2 *S. L.* 488.
intention of making it a place of abode, and the means
of fupporting a family, and continued from time to time,
unlefs interrupted by the enemy, &c. The law of 1792 3 *St. L.* 212.
feems to juftify defining an actual fettlement to be a
clearing, fencing and cultivating at leaft two acres for
every hundred claimed, and erecting thereon a meffuage
for the habitation of man. Such fettlement with a refi-
dence of five years intitles to a patent on the payment 3 *St. L.* 210.
of the fixed price. A warrant operates againft a fettle-
ment from the date of its entry with the furveyor.—
There was a furvey of this land in 1795, on a warrant
under which *Welfh* claims. There was no fettlement
by *Huston* till 1796. A fettlement had been begun,
but not accomplifhed before; and if the excufe of war
will fave the fettlement, it faves the warrant; and the

1797.

336

warrant was entered before the fettlement was com= pleted. The claufe excufing fettlements, in cafe of war, and perfifting in endeavours to make them, ought to be conftrued *reddendo fingula fingulis.* The actual fettler who has made a fettlement is excufed from *continuing* it, if he be driven therefrom by force of arms of the enemies of the *United States.* The grantee by warrant is excufed from *making* an actual fettlement, if he be prevented from making fuch fettlement by fuch force.

The law has in view two forts of actual fettlers; one deriving title from their warrants, the other from their fettlements. Both titles are to be equally protected, becaufe both are equally lawful. The one fettler begins his title with money, and muft complete it with labour. The other begins it with labour, and muft complete it with money. Money is the fruit of labour. Whether the title be begun with money, or with labour, the fettlement of the country is provided for. But when thefe different titles interfere, which fhall give way? The warrant excludes the fettlement, only from its entry with the furveyor. But before this entry, the grantee has paid his money, perhaps the favings from the labour of years, into the Land-Office. And in the mean time, perhaps between the date and the entry of the warrant, another goes and makes an improvement on the land. Which title fhall give way? If the improver has fo far proceeded, as to have made an actual fettlement, the grantee muft lofe his money, and drop his claim. But if the improver has not fo laboured as to have made an actual fettlement; why, fince one muft lofe, may not he as well lofe his labour, as the grantee lofe his money?

But there was no furvey for *Hufton,* and therefore we know not whether this houfe was within his claim; nor, if it was, whether his claim ought to have included it; for he may have claimed more than 400 acres, and fo had no right to exclude other fettlers. A man in actual poffeffion of part is in poffeffion of all the reft of only his lawful claim. If a man fettles on land without any furvey, he may perhaps make vague boundaries inclofing a thoufand acres; while he is intitled to only four hundred. This can never be fuppofed to be fuch a poffeffion as will exclude others from fettling within fuch claim.

*Huston*, therefore, having no furvey, ought not to have ufed the force of demolifhing the houfe; but ought to have proceeded to afcertain his right, and profecute it in a legal way.

If no more than one was concerned, all muft be acquitted.

The jury found a verdict—not guilty.